# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2267V

| | |
|---|---|
| HOLLY O'DEA, as personal representative of the Estate of Dolores Williams,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2023 |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 7, 2021, Holly O'Dea, as personal representative for the Estate of Dolores Williams, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Ms. Williams suffered from Guillain-Barre Syndrome as a result of an influenza vaccination she received on October 16, 2020. Petition, ECF No. 1. On

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

February 16, 2023, I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 28.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,051.54 (representing $20,401.70 for fees and $2,649.84 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed Aug. 16, 2023, ECF No. 33. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 1-2.

Respondent reacted to the motion on Aug. 17, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 34. Petitioner filed a reply on Aug. 18, 2023, requesting an award of fees and costs as indicated in Petitioner's motion. ECF No. 35.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 33-2. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $23,051.54 (representing $20,401.70 for fees and $2,649.84 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leah Durant.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.